**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Deon JOSEPH, Defendant–Appellant.**

No. 06–10270.

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 12, 2007 *.

Filed Jan. 19, 2007.

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Beverly Wee Sameshima, AUSA, Office of the U.S. Attorney, Honolulu, HI, Plaintiff–Appellee.

Louis Michael Ching, Esq., Law Offices of Louis Michael Ching, Honolulu, HI, Defendant–Appellant.

Before: NOONAN, TASHIMA, and CALLAHAN, Circuit Judges.

## MEMORANDUM **

Appellant Deon Joseph was convicted pursuant to a guilty plea of importing cocaine into the United States, in violation of 21 U.S.C. §§ 952(a) and 960(b)(1), and attempt to possess with intent to distribute cocaine, in violation of 21 U.S.C. §§ 841 and 846. He challenges the voluntariness of his plea under Federal Rule of Criminal Procedure 11(b)(2), and the district court's denial of his motion to withdraw his guilty plea based on the magistrate judge's failure to advise him that he had ten days unconditionally to withdraw his guilty plea under Rule 11(d)(1).

■ Joseph argues that his plea was involuntary under Rule 11(b)(2) because the district court did not inquire sufficiently into whether the plea resulted from any promises. We review de novo the adequacy of a Rule 11 plea colloquy. *United States v. Barragan–Espinoza*, 350 F.3d 978, 981 (9th Cir.2003). Moreover, because Joseph did not raise this issue below, we review the alleged Rule 11 violation for plain error. *Id.*

The magistrate judge explained that the plea agreement did not include any promises by the government regarding "sentencing or anything else," and also explained to Joseph that because he was an alien, his guilty plea might affect his right to remain in the United States. Joseph responded that he understood and answered "no" to the questions whether anyone made any promises or assurances to get him to plead guilty and whether anyone threatened or pressured him in any

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

way to plead guilty. We conclude that the district court's plea colloquy sufficiently addressed the existence of any promises made to Joseph in exchange for his guilty plea. Accordingly, the district court did not violate Rule 11(b)(2).

■ Joseph next argues that the magistrate judge erred by not adequately appraising him of his right to withdraw his guilty plea pursuant to Rule 11(d)(1). We review for an abuse of discretion the denial of a motion to withdraw a guilty plea. *United States v. Nostratis,* 321 F.3d 1206, 1208 (9th Cir.2003). The district court did not abuse its discretion by concluding that the magistrate judge's advisement to Joseph—that she was recommending that he be adjudged guilty and that he had ten days to object to her report and recommendation—was appropriate. Rule 11(d) lists the grounds for withdrawing a guilty plea depending on whether or not the court has accepted the plea. Contrary to Joseph's argument, the rule does not impose a duty on the court to inform a defendant that he may withdraw his guilty plea for any reason before his plea is accepted.

**AFFIRMED.**

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

